Filed 9/11/25  P. v. Ramires-Lopez CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>REYNALDO RAMIRES-LOPEZ,<br><br>Defendant and Appellant. | B338951<br><br>(Los Angeles County<br>Super. Ct. No. BA437992) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Renee Korn, Judge.  Affirmed.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Following a remand from this court, the trial court conducted a resentencing hearing and sentenced Reynaldo Ramires-Lopez to 30 years to life plus two years in state prison. Ramires-Lopez appealed. His counsel has asked us to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

In 2022, a jury convicted Ramires-Lopez of second degree murder (Pen. Code, § 187, subd. (a); count 1)[1] and assault with a deadly weapon (§ 245, subd. (a)(1); count 2). Following a court trial, the court found true that Ramires-Lopez had suffered a prior serious felony conviction. (§§ 667, subd. (d), 1170.12, subd. (b).) The trial court initially denied Ramires-Lopez's *Romero* motion.[2] But, as detailed in the prior appeal, the trial court subsequently declared its inclination to strike Ramires-Lopez's prior strike as to count 2 only and to impose a consecutive determinate term of two years on that count. The prosecutor suggested the court might not have the authority to strike the prior strike as to only one of the two counts. Ramires-Lopez declined to stipulate that the trial court could impose the indicated sentence. Thus, the court sentenced him to state prison for 30 years to life on count 1 (15 years to life, doubled due to the prior strike), and a consecutive term of four years on count 2 (two years, doubled due to the prior strike). (*People v. Ramires-Lopez* (Dec. 14, 2023, B322299) [nonpub. opn.].)

Ramires-Lopez appealed. On appeal, the People conceded that the trial court had the discretion to dismiss the prior strike as to count 2 only and we agreed. Because the trial court had

---

[1]      All further statutory references are to the Penal Code.

[2]      *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

misunderstood its sentencing discretion, we vacated the sentence and remanded for resentencing.

In June 2024, the trial court conducted a resentencing hearing. Ramires-Lopez appeared by video and personally waived his right to be present in the courtroom. Defense counsel renewed Ramires-Lopez's request that the court strike his prior strike conviction as to both counts. The trial court denied the motion as to count 1, but granted it as to count 2. The court accordingly sentenced Ramires-Lopez on count 1 to 15 years to life, doubled to 30 years to life due to the prior strike conviction, and imposed a consecutive determinate term of two years on count 2.

Ramires-Lopez appealed. Court-appointed appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record pursuant to *Wende*, *supra*, 25 Cal.3d 436.[3] We directed appellate counsel to send Ramires-Lopez the record and a copy of the opening brief. We also advised that within 30 days of the date of the notice, Ramires-Lopez could submit a supplemental brief or letter stating any ground for an appeal, contentions, or arguments he wished this court to consider. Appellate counsel submitted a declaration stating that counsel had informed Ramires-Lopez of his right to file a supplemental brief and had sent him the appellate record. Ramires-Lopez did not file a supplemental brief.

---

[3] Counsel also informed this court that at appellant's request, the trial court corrected appellant's credits pursuant to *People v. Buckhalter* (2001) 26 Cal.4th 20, 23, to reflect his days of actual credit as of the resentencing date.

We have independently examined the record on appeal and are satisfied that no arguable issues exist, and Ramires-Lopez's attorney has complied with the responsibilities of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 125–126; *Wende, supra*, 25 Cal.3d at pp. 441–442.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

EGERTON, J.